**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JERRY HAMPTON,** | **CIVIL ACTION** |
| **Plaintiff** | |
| **VERSUS** | **NO. 13-3929** |
| **BP EXPLORATION & PRODUCTION, INC., ET AL.,** | **SECTION: "E" (5)** |
| **Defendants** | |

**ORDER AND REASONS**

The instant action is a "B3" case arising out of the 2010 Deepwater Horizon oil spill in the Gulf of Mexico. B3 cases involve "claims for personal injury and wrongful death due to exposure to oil and/or other chemicals used during the oil spill response (e.g., dispersant)."[1]

Before the Court is a motion for summary judgment filed by Defendants BP America Production Company, BP Exploration & Production, Inc., and BP p.l.c. (collectively "Defendants" or "BP").[2] Plaintiff Jerry Hampton ("Plaintiff") did not file an opposition to the motion. Accordingly, the Court considers Defendant's statement of uncontested facts to be admitted pursuant to LR 56.2. Although the dispositive motion is unopposed, summary judgment is not automatic, and the Court must determine whether Defendant has shown entitlement to judgment as a matter of law.[3]

---

[1] *See In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico*, on Apr. 20, 2010, No. MDL 2179, 2021 WL 6053613, at *10 (E.D. La. Apr. 1, 2021) (Barbier, J.).
[2] R. Doc. 88.
[3] *See, e.g., Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006); Fed. R. P. 56(a).

1

## **FACTUAL BACKGROUND**

This case arises out of injuries allegedly suffered by Plaintiff as a result of the Deepwater Horizon oil spill.[4] Plaintiff brings negligence and gross negligence claims against Defendants for their negligent failure to prevent and contain the spill.[5] In his complaint, Plaintiff alleges that, between May, 2010 and August 6, 2010, he was employed by a third party to "clean up" Florida beaches impacted by the oil spill.[6] Plaintiff alleges that, as a result of his exposure to crude oil and chemical dispersants from the spill, he developed dyspnea, chronic myelogenous leukemia, and acute lymphoblastic leukemia.[7]

The following facts are undisputed. Plaintiff filed this lawsuit on May 24, 2013.[8] After various delays and continuances in this matter, Plaintiff's final expert report deadline was January 2, 2026.[9] Plaintiff produced no expert reports or testimony connecting his medical conditions with the Deepwater Horizon oil spill by the deadline and, to this day, has produced no such reports or testimony.[10]

## **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] "An issue is material if its resolution could affect the outcome of the action."[12] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing

---

[4] R. Doc. 1 at ¶ 33.
[5] *Id.* at ¶ 40.
[6] *Id.*
[7] *Id.*
[8] R. Doc. 88-2 at p. 2. ¶ 7.
[9] *Id.* at ¶ 7.
[10] *Id.* at ¶ 12.
[11] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[12] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

the evidence."[13] "All reasonable inferences are drawn in favor of the nonmoving party."[14] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[15]

If the dispositive issue is one for which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[16] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[17]

On the other hand, if the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[18] When proceeding under the

---

[13] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).

[14] *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[15] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).

[16] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).

[17] *Celotex*, 477 U.S. at 322-24.

[18] *Id.* at 331-32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322-24, and requiring the Movers to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (5th Cir. 1987) (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE

first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[19] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[20] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[21] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[22] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[23]

---

AND PROCEDURE § 2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).

[19] *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

[20] *Celotex*, 477 U.S. at 332-33.

[21] *Id.*

[22] *Id.* at 332-33 n.3.

[23] *Id.* at 332 n.3; *see also First Nat'l Bank of Ariz.*, 391 U.S. at 289.

Still, "unsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[24]

## LAW AND ANALYSIS

I.    **Plaintiff has failed to present a genuine issue of material fact with respect to his claims of injuries caused by exposure to oil and dispersants because Plaintiff lacks expert testimony.**

"B3 plaintiffs must prove that the legal cause of the claimed injury or illness is exposure to oil or other chemicals used during the response."[25] Once a plaintiff's diagnoses have been confirmed, the plaintiff has the burden of establishing general causation and specific causation. "'First, the district court must determine whether there is general causation. Second, if it concludes . . . there is admissible general-causation evidence, the district court must determine whether there is admissible specific-causation evidence.'"[26] "General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury."[27]

The United States Court of Appeals for the Fifth Circuit has held expert testimony

---

[24] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (first citing *Celotex*, 477 U.S. at 324; then *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994); and then quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).

[25] *In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico*, on Apr. 20, 2010, No. MDL 2179, 2021 WL 6053613, at *10 (E.D. La. Apr. 1, 2021) (Barbier, J.); *accord Perkins v. BP Expl. & Prod.., Inc.*, No. 17-4467, 2022 WL 972276, at *2 (E.D. La. March 31, 2022).

[26] *Seaman v. Seacor Marine, L.L.C.*, 326 F. App'x 721, 722 (5th Cir. 2009) (quoting *Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351 (5th Cir. 2007)).

[27] *Id.*

is required to establish general causation in toxic tort cases.[28] "[T]o support general causation, an expert must proffer a reliable opinion that the chemical at issue can cause the disease at exposure levels that a human could realistically have experienced."[29] In *Seaman v. Seacor Marine LLC*, a vessel captain sued his former employer alleging his exposure to a host of toxic chemicals on the job caused him to develop bladder cancer.[30] After excluding the vessel captain's general causation expert testimony on a *Daubert* challenge,[31] the district court granted summary judgment.[32] The district court reasoned, since there was no expert testimony demonstrating the exposure the vessel captain alleged could cause his complained-of symptoms to manifest in the general population, there was no genuine issue of material fact.[33] On appeal, the Fifth Circuit affirmed the district court's ruling, holding that "admissible expert evidence is [required in] toxic tort case[s]" given their complexity.[34] Put in the context of B3 cleanup worker claims, in *Harrison v. BP Exploration & Production, Inc., et al.*, this Court previously applied the *Seaman* rule, thereby requiring a B3 toxic tort plaintiff to produce admissible expert testimony to establish general causation.[35]

Whether expert testimony is needed to establish specific causation in B3 cleanup cases is a thornier issue. Judge Barbier in *Stephens v. BP Exploration & Production, Inc., et al.*, relying on *Guidry v. Dow Chemical Company*[36] and *Gowdy v. Marine Spill*

---

[28] *Seaman*, 326 F. App'x at 722; *see also Stephens v. BP Expl. & Prod.*, No. 17-4294, 2022, WL 1642136 *2-3 (E.D. La. June 24, 2022).
[29] *Ruffin v. BP Expl. & Prod., Inc.*, 176 F.4th 855, 862 (5th Cir. 2026).
[30] 326 F. App'x at 722.
[31] *Id.* at 726.
[32] *Id.* at 729.
[33] *Id.*
[34] *Id.*
[35] *Harrison v. BP Expl. & Prod.*, et al., No. 17-4346 (E.D. La. July 1, 2022).
[36] No. 19-12233, 2021 WL 4460505 (E.D. La. Sept. 29, 2021).

*Response Corporation*,[37] decided in a similar B3 cleanup worker case that a general causation expert report in conjunction with specific evidence of a plaintiff's exposure was sufficient to permit a jury to conclude exposure to toxins in the oil and dispersants more likely than not caused a plaintiff's medical conditions—but only when the medical conditions were within the layperson's common knowledge.[38] As such, under Judge Barbier's analysis, to determine whether a plaintiff must produce expert testimony to establish specific causation, district courts are tasked with conducting a fact-intensive analysis of whether complained-of symptoms fall within the common knowledge of a juror.

Applying *Seaman*, *Harrison*, and *Stephens* to the case before this Court, *even if* expert testimony is not required to establish specific causation because the injuries Plaintiff alleges fall within the common knowledge of a juror and there is specific evidence of Plaintiff's exposure,[39] Plaintiff still has failed to produce expert testimony establishing general causation, which is required by the Fifth Circuit in toxic tort cases.[40] Plaintiff has not provided an expert report or any expert testimony connecting his alleged injuries to the Deepwater Horizon oil spill. Again, the deadline to produce an expert report was January 2, 2026.[41]

In sum, Plaintiff has produced no expert testimony to establish general causation, a requirement set by the Fifth Circuit in toxic tort cases. Without expert testimony on general causation, Plaintiff has failed to present a genuine issue of material fact with

---

[37] 925 F.3d 200, 206 (5th Cir. 2019).
[38] *Stephens v. BP Expl. & Prod.*, No. 17-4294, 2022, WL 1642136 * 2-3 (E.D. La. June 24, 2022).
[39] The Court is expressly not deciding this issue.
[40] *Seaman v. Seacor Marine, L.L.C.*, 326 F. App'x 721, 722 (5th Cir. 2009); *see also Stephens*, WL 1642136 at **2-3; *Harrison*, No. 17-4346.
[41] R. Doc. 85 at p. 8.

7

respect to his claims of injuries allegedly caused by his exposure to toxins in oil and dispersants as a Deepwater Horizon cleanup worker. Accordingly, Defendants' motion for summary judgment should be granted.

**CONCLUSION**

**IT IS ORDERED** that the motion for summary judgment[42] is **GRANTED**.

**New Orleans, Louisiana, this 23rd day of June, 2026.**

_____

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

**Clerk to Notify via Regular Mail:**

Jerry Hampton
132 Lorenz Place
McCormick, SC 29835

---

[42] R. Doc. 88.